# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

REUBEN McDOWELL, #MP7284,

      Petitioner,

      v.

SUPERINTENDENT MS. M.
HAINESWORTH, et al.

      Respondents.

CIVIL ACTION NO. 3:20-cv-01599

(SAPORITO, M.J.)

## MEMORANDUM

On September 3, 2020, the court received and docketed a *pro se* petition for a writ of habeas corpus signed by the petitioner, Reuben McDowell, on August 31, 2020, submitted pursuant to 28 U.S.C. § 2254. (Doc. 1.) At the time of filing, McDowell was incarcerated at SCI Laurel Highlands, located in Somerset County, Pennsylvania.

## I. STATEMENT OF THE CASE

### A. Procedural History

On March 16, 2016, following a consolidated jury trial before the Court of Common Pleas of Lycoming County, McDowell was convicted on multiple counts of burglary, robbery, criminal trespass, stalking, theft, and related crimes on evidence that he targeted elderly women returning

home from grocery stores and forcibly took their purses and other belongings. On July 6, 2016, the petitioner was sentenced to serve an aggregate term of 26 to 64 years in prison. *Commonwealth v. McDowell*, Docket Nos. CP-41-CR-0000017-2013, CP-41-CR-0000035-2013, CP-41-CR-0000063-2013, CP-41-CR-0001382-2013 (Lycoming Cnty. (Pa.) C.C.P.). His conviction and sentence were affirmed on direct appeal by the Superior Court of Pennsylvania on January 22, 2018. *Commonwealth v. McDowell*, 183 A.3d 1078 (Pa. Super. Ct. 2018) (table decision); *see also Commonwealth v. McDowell*, No. 2062 MDA 2016, 2018 WL 494702 (Pa. Super. Ct. Jan. 22, 2018) (unpublished decision). McDowell petitioned the Supreme Court of Pennsylvania for allocatur, which was denied on July 31, 2018. *Commonwealth v. McDowell*, 190 A.3d 580 (Pa. 2018) (per curiam). He did not petition the Supreme Court of the United States for a writ of certiorari.

McDowell filed a *pro se* PCRA petition in the court of common pleas on or about April 23, 2019. The PCRA court appointed counsel to represent McDowell in state PCRA proceedings. Following a review of the record of state criminal proceedings, and after conferring with McDowell about his case, the court-appointed attorney filed a *Finley* no-merit letter,

advising the PCRA court that he found no meritorious claims for PCRA relief and requesting leave to withdraw from further representation of McDowell. *See generally Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1988). On January 17, 2020, the state PCRA court entered an order providing notice of its intent to dismiss the petition and granting the court-appointed attorney leave to withdraw as counsel. On March 6, 2020, after reviewing McDowell's response to the January 1, 2020, order, the state PCRA court entered an order dismissing his petition. McDowell appealed to the Superior Court of Pennsylvania, which dismissed his appeal on procedural grounds.[1] McDowell did not file a petition for allocatur with the Supreme Court of Pennsylvania.

---

[1] McDowell appears to have filed three separate notices of appeal. One appeal was quashed for failure to comply with the Supreme Court of Pennsylvania's directive in *Commonwealth v. Walker*, 185 A.3d 969, 977 (Pa. 2018) (holding that Pa. R. App. P. 341 requires "that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed"), *overruled in part*, *Commonwealth v. Young*, 265 A.3d 462, 477 (Pa. 2021) (reaffirming that Rule 341 requires separate notices of appeal, but holding that Pa. R. App. P. 902 "permits the appellate court, in its discretion, to allow correction of the error, where appropriate"). *See Commonwealth v. McDowell*, Docket No. 566 MDA 2020 (Pa. Supr. Ct. quashed May 15, 2020). The other two appeals were ultimately quashed for failure to file an appellant's brief. *See Commonwealth v. McDowell*, Docket No. 648 MDA 2020 (Pa. Super. Ct. quashed July 16, 2020); *Commonwealth v. McDowell*, Docket No. 649 MDA 2020 (Pa. Super. Ct. quashed July 16, 2020).

**B. Habeas Claims Presented**

Liberally construed, *see generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a court's obligation to liberally construe *pro se* pleadings and other submissions, particularly when dealing with imprisoned *pro se* litigants), the *pro se* petition has asserted that McDowell is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

(1) McDowell was denied effective assistance of counsel in initial-review collateral proceedings because his PCRA counsel failed to support McDowell's claims of ineffective assistance by counsel in trial proceedings and on direct appeal;

(2) McDowell was denied effective assistance of counsel in trial proceedings because his trial counsel failed to challenge his initial arrest by state troopers as unlawful, due to a lack of probable cause;

(3) McDowell was denied effective assistance of counsel on direct appeal because his appellate counsel conceded appellate questions VI and VII, asserting trial court error in connection with the denial of a motion to suppress based on the failure of a

municipal police officer to comply with certain state-law procedural requirements;

(4) McDowell's arrest with respect to conduct occurring within the City of Williamsport was unlawful because the arresting municipal police officer arrested McDowell outside his primary territorial jurisdiction and failed to comply with certain state-law procedural requirements;[2]

(5) McDowell was denied his statutory right to a speedy trial under Pa. R. Crim. P. 600 because his trial commenced more than 365 days after his arrest;

---

[2] McDowell was charged in four separate cases based on offenses occurring on several different dates in multiple locations within Lycoming County. In one of those cases, *Commonwealth v. McDowell*, Docket No. CP-41-CR-0000063-2013 (Lycoming Cnty. (Pa.) C.C.P.), McDowell was charged for offense conduct that occurred within the City of Williamsport on December 7, 2012. The charging officer for this case was a municipal police officer, Raymond O. Kontz III. The other three cases against McDowell concerned offense conduct occurring outside the city, and the charging officer for all three of the other cases was a Pennsylvania state trooper, Matthew J. Sweet. McDowell was initially arrested by state police and taken, in custody, to a state police barracks for further investigation. Because Kontz was investigating a related offense that occurred within the city, he was invited by state police to interview McDowell at the state police barracks. Kontz ultimately "arrested" McDowell there and transported him to a magisterial district court for the initial criminal proceedings in Case No. 63.

(6) The trial court erred in denying a pre-trial motion to suppress based on an erroneous finding that McDowell was arrested with respect to the Williamsport offense by a municipal police officer pursuant to a warrant, when the officer testified that he did not have a warrant;

(7) McDowell's initial arrest by state troopers was unlawful because they lacked probable cause to arrest him; and

(8) McDowell's unlawful arrest, without probable cause, violated his rights under the Pennsylvania state constitution.

McDowell raised claims 4, 5, and 7 on direct appeal to the Superior Court, which dismissed claim 4 on procedural grounds and claims 5 and 7 on the merits. McDowell failed to perfect an appeal to the Superior Court from the denial of his PCRA petition. As a consequence, he did not fairly present claims 1, 2, 3, 6, and 8 to the Superior Court on PCRA appeal.

## II.   DISCUSSION

### A. Ineffective Assistance of PCRA Counsel

In claim 1, McDowell claims that he was denied the effective assistance of counsel in state court PCRA proceedings. But freestanding

claims of ineffective assistance of PCRA counsel are not cognizable in federal habeas proceedings. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555–56 (1987) (no constitutional right to counsel in collateral post-conviction proceedings); *Coleman v. Thompson*, 501 U.S. 722, 755 (1991) (no constitutional right to counsel on appeal from initial collateral post-conviction proceedings). *See generally Danner v. Cameron*, 955 F. Supp. 2d 410, 417 n.7 (M.D. Pa. 2013) (summarizing law with respect to ineffective assistance of PCRA counsel habeas claims).

Accordingly, the petition will be denied with respect to McDowell's ineffective assistance of PCRA counsel claim—claim 1—on the ground that this claim is not cognizable on federal habeas review.

## B. State Constitutional Violation

In claim 8, McDowell claims that his allegedly unlawful arrest, without probable cause, violated his rights under the Pennsylvania state constitution. In his reply, he has expressly withdrawn this claim. Moreover, it is well established that federal habeas relief is not available

for perceived violations of state constitutional or legal rights. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Accordingly, the petition will be denied with respect to McDowell's state constitutional claim—claim 8—on the ground that this claim is not cognizable on federal habeas review.

## C. Speedy Trial Claim

In claim 5, McDowell claims that he was convicted in violation of his statutory right to a speedy trial under Rule 600 of the Pennsylvania Rules of Criminal Procedure because his trial commenced more than 365 days after his arrest.[3] But it is well established that a speedy trial claim premised upon state law is not cognizable in a federal habeas corpus

---

[3] We note that the petitioner has *not* asserted a violation of his federal constitutional right to a speedy trial under the Sixth Amendment. His *pro se* petition and reply in this habeas proceeding and his counseled appellate brief in his direct appellate proceedings exclusively address the state criminal rule concerning a criminal defendant's right to a speedy trial. We decline here to construe the *pro se* petitioner's speedy trial claim as a federal constitutional claim under the Sixth Amendment because it would be unexhausted and procedurally defaulted in any event, as appellate counsel failed to fairly present such a constitutional claim to the Superior Court on direct appeal, and the petitioner likewise failed to present it to the Superior Court in his PCRA appeal. *See generally United States v. White*, 443 F.3d 582, 588 (7th Cir. 2006) (noting that statutory and constitutional speedy trial rights "are related but distinct, so that a violation of one may be found without a violation of the other").

petition. *See Holman v. Gillis*, 58 F. Supp. 2d 587, 596 (E.D. Pa. 1999); *see also* 28 U.S.C. 2254(a) (providing that a federal court may entertain a habeas petition from a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Pulley*, 465 U.S. at 41; *Wells v. Petsock*, 941 F.2d 253, 256 (3d Cir. 1991) ("Our review of a federal habeas corpus petition is limited to remedying deprivations of a petitioner's federal constitutional rights. We can take no cognizance of non-constitutional harm to the defendant flowing from a state's violation of its own procedural rule, even if that rule is intended as a guide to implement a federal constitutional guarantee.").

Accordingly, the petition will be denied with respect to McDowell's state-law speedy trial claim—claim 5—on the ground that this claim is not cognizable on federal habeas review.

## D. Municipal Police Jurisdictional Act Violation Claims

In claim 4, McDowell claims that his arrest with respect to offense conduct that occurred within the City of Williamsport by a municipal

police officer, Agent Kontz, was unlawful due to various technical violations of the Pennsylvania Municipal Police Jurisdictional Act, 42 Pa. Cons. Stat. Ann. § 8953. In claim 6, McDowell claims that the trial court erred in denying a pre-trial motion to suppress evidence obtained as a result of that same purportedly unlawful arrest, specifically basing its finding on a purportedly erroneous factual finding that Kontz arrested McDowell pursuant to a warrant when none had yet been issued in that case.

These too are state-law issues not cognizable on federal habeas review. *See Sampson v. Grace*, Civil Action No. 06-5331, 2008 WL 687483, at *9 n.3 (E.D. Pa. Mar. 11, 2008); *see also* 28 U.S.C. 2254(a); *Estelle*, 502 U.S. at 67–68; *Pulley*, 465 U.S. at 41; *Wells*, 941 F.2d at 256. Although Pennsylvania state law may impose limits on the exercise of jurisdiction by municipal police officers, these limits imposed by state law are simply immaterial to the federal constitutional analysis required here. *See United States v. Chambers*, 597 Fed. App'x 707, 710–11 (3d Cir. 2015) (finding argument that police exceeded authority under the state's Municipal Police Jurisdictional Act was irrelevant to whether conduct violated the plaintiff's federal constitutional rights); *Armstead v. Twp. Of*

*Upper Dublin*, 347 F. Supp. 2d 188, 194 (E.D. Pa. 2004) (finding that the Fourth Amendment was not implicated by a police officer's arrest of the plaintiff outside of the officer's primary jurisdiction, in apparent violation of Pennsylvania's Municipal Police Jurisdiction Act); *see also United States v. Neal*, No. 4:17-CR-00255, 2018 WL 3008488, at *3 (M.D. Pa. 2018) (finding that Pennsylvania's Municipal Police Jurisdiction Act is a "state law[] which affect[s] the territorial limits of a municipal officer's primary jurisdiction," but "a violation of [this] state law[] does not constitute a Fourth Amendment violation" because "state law restrictions do not alter the Fourth Amendment's protections"); *United States v. Briggs*, Criminal Action No. 06-715-01, 2011 WL 2681491, at *4 (E.D. Pa. July 8, 2011) ("[T]here is no constitutional right not to be arrested outside a police officer's jurisdiction."); *cf. Virginia v. Moore*, 553 U.S. 164, 174 (2008) ("A State is free to prefer one search-and-seizure policy among the range of constitutionally permissible options, but its choice of a more restrictive option does not render the less restrictive ones unreasonable, and hence unconstitutional.").

Accordingly, the petition will be denied with respect to McDowell's state-law claims that his arrest by a municipal police officer with respect

to offense conduct that occurred within the City of Williamsport violated the state's Municipal Police Jurisdictional Act—claim 4—and that the trial court erred in denying a pre-trial motion to suppress on the same basis—claim 6—on the ground that these claims are not cognizable on federal habeas review.

### E. Unlawful Arrest Claim

In claim 7, the petitioner contends that his initial arrest by state police on December 20, 2012, was unlawful because the arresting officers lacked probable cause to arrest him, presumably in violation of his Fourth Amendment right to be free from unreasonable seizures. This claim was considered and rejected on its merits by the state appellate court on direct appeal. But such a claim—that the petitioner's arrest was unlawful due to lack of probable cause—is simply not cognizable in federal habeas review where the petitioner had a full and fair opportunity to challenge his arrest on direct appeal and through PCRA proceedings, as did the petitioner here. *See Stone v. Powell*, 428 U.S. 465, 494 (1976) (finding Fourth Amendment violation does not support habeas relief where the state has provided an opportunity for full and fair litigation of the claim); *Kenion v. Adm'r N.J. State Prison*, C.A. No. 19-3584, 2020 WL

2148683 (3d Cir. Mar. 25, 2020) (mem.) (noting that claim that arresting officers lacked probable cause to arrest petitioner was not cognizable on habeas review where petitioner had full and fair opportunity to litigate the claim in state court); *Holman v. Gillis*, 88 F. Supp. 2d 378, 382 n.& n.6 (E.D. Pa. 2000) (finding petitioner's claim "alleging that his arrest was unlawful and without a warrant[] was not cognizable in a habeas petition because petitioner had the opportunity to challenge his arrest on direct appeal and through the PCRA proceedings"").

Accordingly, the petition will be denied with respect to McDowell's claim that his initial arrest by state police was unlawful because the arresting officers lacked probable cause to arrest him—claim 7—on the ground that this claim is not cognizable on federal habeas review.

## F. Ineffective Assistance of Trial and Appellate Counsel

In claims 2 and 3, McDowell claims that he was denied the effective assistance of counsel at trial and on direct appeal. McDowell alleges that his trial counsel was ineffective in failing to challenge his initial arrest by state police as an unlawful warrantless arrest without probable cause. He alleges that his appellate counsel was ineffective for expressly conceding questions VI and VII in his appellant's brief on direct appeal,

which asserted trial court error in connection with the denial of a motion to suppress based on the failure of a municipal police officer to comply with certain state-law procedural requirements.[4]

McDowell raised these claims in his initial, *pro se* PCRA petition, which was denied on the merits by the PCRA court. But McDowell did not present these claims to the Superior Court on PCRA appeal. He filed three appeals from the PCRA court's denial of his petition, but all three appeals were quashed by the Superior Court on procedural grounds. *See supra* note 1.

Generally, for this court to address the merits of a habeas petition, all of the claims contained in the petition must be exhausted. 28 U.S.C. § 2254(b). Ordinarily, "[t]he exhaustion requirement is satisfied only if the petitioner can show that he fairly presented the federal claim at each level of the established state-court system for review." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) ("[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional

---

[4] The underlying claim is the same one McDowell has advanced directly in claim 4.

claims before those claims are presented to the federal courts . . . .").
"'Fair presentation' of a claim means that the petitioner 'must present a
federal claim's factual and legal substance to the state courts in a manner
that puts them on notice that a federal claim is being asserted.'"
*Holloway*, 355 F.3d at 714 (quoting *McCandless*, 172 F.3d at 261). A
federal claim may be exhausted by presenting it either on direct appeal
or in post-conviction PCRA proceedings. *See O'Sullivan*, 526 U.S. at 844
(citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)). In Pennsylvania, a
federal claim may be exhausted by presenting it to the Superior Court of
Pennsylvania, either on direct appeal from a state criminal conviction or
on appeal from a PCRA court's denial of post-conviction relief. *See
Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *see also In re
Exhaustion of State Remedies in Criminal and Post-Conviction Relief
Cases*, Order No. 218, 30 Pa. Bull. 2582 (Pa. May 9, 2000); Pa. R. App. P.
1114 historical notes (Order of May 9, 2000).

McDowell's ineffective assistance of counsel claims, however
construed, were never fairly presented to the Superior Court on PCRA

appeal.[5] Nevertheless, if these claims were dismissed without prejudice for failure to exhaust, and McDowell were to return to state court now to attempt to exhaust these claims in a new PCRA petition, his PCRA petition would be untimely and the matter would be dismissed by the state court pursuant to 42 Pa. Cons. Stat. Ann. § 9545(b). Under this state statute, a PCRA petition must be filed "within one year of the date the judgment becomes final," subject to certain enumerated exceptions not applicable here. *See* 42 Pa. Cons. Stat. Ann. § 9545(b). "When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because

---

[5] Even if we were to assume that McDowell's abortive and undeveloped attempt to appeal did constitute "fair presentation" of these issues to the Superior Court, the quashing of all three appeals would support an identical finding of procedural default. *See infra*. The quashing of an appeal under the *Walker* rule constitutes dismissal pursuant to an adequate and independent state rule that would bar habeas review due to procedural default. *See Ware v. Smith*, Civil Action No. 19-cv-115, 2021 WL 3566343, at *1 (W.D. Pa. Aug. 12, 2021). The quashing of an appeal for failure to file an appellant's brief also constitutes dismissal pursuant to an adequate and independent state rule that bars habeas review due to procedural default. *See Mojica v. Garman*, Civil Action No. 18-2021, 2019 WL 1756547, at *6 (E.D. Pa. Mar. 27, 2019); *Al-Ghazali v. Beard*, Civil Action No. 04-2122, 2006 WL 1892664, at *9 (E.D. Pa. July 10, 2006).

there is 'an absence of available State corrective process.'" *McCandless*, 172 F.3d at 260 (quoting 28 U.S.C. § 2254(b)(1)(B)(i)); *see also Coleman*, 501 U.S. at 732 ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."). Thus, for the purpose of this federal habeas petition, McDowell's ineffective assistance claims are technically exhausted. *See Hurlburt v. Lawler*, Civil No. 1:CV-03-0665, 2008 WL 2973049, at *12 (M.D. Pa. Aug. 4, 2008).

"Even so, this does not mean that a federal court may, without more, proceed to the merits. Rather, claims deemed exhausted because of a state procedural bar are procedurally defaulted . . . ." *Lines*, 208 F.3d at 160. Generally, a federal court will not review a claim that is procedurally defaulted. *Johnson v. Folino*, 705 F.3d 117, 127 (3d Cir. 2013). A claim is procedurally defaulted when "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The one-year statute of limitations applicable to state PCRA proceedings has been held to be such an independent and adequate state procedural rule. *See Glenn v. Wynder*, 743 F.3d 402, 409 (3d Cir. 2014); *Banks v. Horn*, 49

F. Supp. 2d 400, 403–07 (M.D. Pa. 1999). *See generally Bronshtein v. Horn*, 404 F.3d 700, 708–10 (3d Cir. 2005) (discussing history and strict application of the PCRA statute of limitations since 1999).[6]

Notwithstanding procedural default, a federal court may review a habeas claim where the petitioner can demonstrate cause for the default and actual prejudice as a result, or that failure to review the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999). It is the petitioner's burden to demonstrate circumstances excusing procedural default. *See Sweger v. Chesney*, 294 F.3d 506, 520 (3d Cir. 2002); *see also Coleman*, 501 U.S. at 750; *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). To demonstrate "cause" for a procedural default, the petitioner must show that "some objective factor external to the [petitioner's] defense impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Meanwhile, to demonstrate "actual prejudice," the petitioner must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantive disadvantage, infecting his entire trial with error

---

[6] *See also supra* note 5.

of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original); *McCabe v. Pennsylvania*, 419 F. Supp. 2d 692, 697 n.3 (E.D. Pa. 2006); *Mutope v. Folino*, No. Civ. 3:CV-04-2053, 2005 WL 3132315, at *3 (M.D. Pa. Nov. 22, 2005)). Alternatively, to show that a fundamental miscarriage of justice will occur if the claims are not reviewed, a petitioner must present new evidence that he is actually innocent of the crime for which he has been convicted. *Cristin v. Brennan*, 281 F.3d 404, 412 (3d Cir. 2002); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) ("'[A]ctual innocence means factual innocence, not mere legal insufficiency."); *Schlup v. Delo*, 513 U.S. 298, 327 (1995) ("[A] petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.").

McDowell's *pro se* reply asserts that procedural default of these claims may be excused under the "cause and prejudice" exception to procedural default.[7] In his reply, McDowell argues that the ineffective assistance of PCRA counsel serves as cause to excuse the procedural default of these claims.

---

[7] McDowell does not assert that procedural default may be excused under the "miscarriage of justice" exception. *See Bousley*, 523 U.S. at 623; *Schlup*, 513 U.S. at 327; *Cristin*, 281 F.3d at 412.

The Supreme Court of the United States has recognized that, under certain circumstances, the procedural default of an ineffective assistance of counsel claim may be excused where the default was caused, in turn, by ineffective assistance of counsel in post-conviction collateral proceedings. *See Martinez v. Ryan*, 566 U.S. 1, 8–17 (2012). Specifically, the *Martinez* Court held that:

> [A] procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 17.

The *Martinez* Court explicitly limited its holding to cases where state procedural law provided that "claims of ineffective assistance of trial counsel *must* be raised in an initial-review collateral proceeding"— that is, in states like Arizona, where state procedural law explicitly prohibited the adjudication of ineffective assistance claims on direct appeal. *Id.* Shortly thereafter, the Supreme Court revisited its *Martinez* holding, extending it to apply not only to cases where state procedural law expressly prohibited ineffective assistance claims on direct appeal, but where "state procedural framework, by reason of its design and

operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." *Trevino v. Thaler*, 569 U.S. 413, 429 (2013). The Third Circuit has subsequently examined Pennsylvania procedural law and found that *Martinez* applies in Pennsylvania. *Cox v. Horn*, 757 F.3d 113, 124 n.8 (3d Cir. 2014).

A particular nuance of the *Martinez* decision is implicated with respect to these two claims, insofar as the alleged ineffective assistance of PCRA counsel may be asserted as "cause" excusing procedural default of these claims. In *Martinez*, the Supreme Court explicitly distinguished between finding cause based on ineffective assistance of counsel at *initial-review* collateral proceedings and at *appellate* collateral proceedings. *See Martinez*, 566 U.S. at 16. Under *Martinez*, procedural default may be excused when caused by ineffective assistance of counsel during *initial-review* PCRA proceedings before a court of common pleas, which effectively constitutes "a prisoner's 'one and only appeal' as to an ineffective-assistance [of trial counsel] claim." *See id.* at 8, 13–14; *see also Vaughter v. Fisher*, Civil Action No. 12-00493, 2014 WL 1152540, at *10 (E.D. Pa. Mar. 24, 2014) (discussing distinction between initial-review

PCRA and appellate PCRA proceedings under *Martinez*); *Glenn v. Wynder*, Civil Action No. 06-513, 2012 WL 4107827, at *43 (W.D. Pa. Sept. 19, 2012) (same). But the *Martinez* rule does not apply to allegedly deficient performance by counsel during *appellate* PCRA proceedings before the Superior and Supreme Courts of Pennsylvania. *See Martinez*, 566 U.S. at 16 ("The holding in this case does not concern attorney errors in . . . appeals from initial-review collateral proceedings . . . ."); *see also Vaughter*, 2014 WL 1152540, at *10; *Glenn*, 2012 WL 4107827, at *43. Instead, errors by appellate PCRA counsel, or by a petitioner proceeding *pro se* on appeal from an initial-review PCRA decision, fall under the rule established decades earlier in *Coleman* that a criminal defendant has no right to counsel on appeal from initial-review collateral proceedings, and therefore ineffective assistance of counsel in any such appeal cannot constitute cause excusing procedural default. *See Coleman*, 501 U.S. at 755; *see also Martinez*, 566 U.S. at 16; *Vaughter*, 2014 WL 1152540, at *10; *Glenn*, 2012 WL 4107827, at *43.

Here, the procedural default at issue was McDowell's failure to present claims 2 and 3 on PCRA appeal. Although his PCRA counsel was permitted to withdraw from initial-review PCRA proceedings after filing

a *Finley* no-merit letter, unlike the petitioner in *Martinez*, McDowell's *pro se* PCRA petition squarely raised the claims at issue (*see* PCRA Pet. 20–21 (Apr. 23, 2019), Doc. 16, at 170–71), which the PCRA court in turn rejected on the grounds that they were "previously litigated, waived or lack[ed] merit" (*see* PCRA Op. & Order 5 (Jan. 17, 2020), Doc. 16, at 25). McDowell then filed multiple *pro se* appeals from this adverse decision by the PCRA court, all of which were ultimately quashed by the Superior Court on procedural grounds. Therefore, as a matter of law, the alleged ineffective assistance of counsel in PCRA appellate proceedings cannot constitute cause sufficient to excuse McDowell's procedural default of claims 2 and 3.[8]

Accordingly, the petition will be denied with respect to McDowell's ineffective assistance of trial and appellate counsel claims—claims 2 and 3—on the ground that these claims are procedurally defaulted.

---

[8] In addition, we note that, with respect to claim 3, the *Martinez* rule does not extend to claims of ineffective assistance of appellate counsel on direct appeal. *See Davila v. Davis*, 582 U.S. 521, 529–38 (2017); *Greene v. Superintendent Smithfield SCI*, 882 F.3d 443, 450–51 (3d Cir. 2018). Moreover, with respect to claim 2, based upon our review of the record before the PCRA court, McDowell has failed to meet his burden of demonstrating that the underlying ineffective assistance of trial counsel claim is a substantial one. *See Martinez*, 566 U.S. at 14; *see also Glenn*, 743 F.3d at 410.

## III.   CONCLUSION

For the foregoing reasons, the petition (Doc. 1) is **DENIED** and **DISMISSED**. The court will decline to issue a certificate of appealability, as the petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Buck v. Davis*, 137 S. Ct. 759, 773–75 (2017); *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate order follows.

Dated: October 18, 2023                    *s/Joseph F. Saporito, Jr.*
                                                            JOSEPH F. SAPORITO, JR.
                                                            United States Magistrate Judge